# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**TIMOTHY DUVALL,**
**Claimant Below, Petitioner**

**FILED**
April 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 12-1038**  (BOR Appeal No. 2046914)
(Claim No. 2011026414)

**AKER KVAERNER SONGER, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Timothy Duvall, by Lawrence B. Lowry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Aker Kvaerner Songer, Inc., by James W. Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 2, 2012, in which the Board affirmed a February 2, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 22, 2010, decision denying Mr. Duvall's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Duvall joined the Plumbers and Pipefitters Local Local Union 152 in 1989 and worked for a number of different companies. He was a specialties metal welder. Mr. Duvall was last employed for Aker Kvaerner Songer, Inc., and took a voluntary layoff on November 30, 2007. Mr. Duvall filed a workers' compensation application on November 23, 2010, listing an injury that occurred at M&G Polymers and affected his neck, back, knees, shoulder, arms, hands, and ankle. He stated this came from repetitive lifting, bending, stooping, kneeling, crawling, squatting, movement of the head and neck up and down, use of arms and hands in the course of his employment as a pipefitter. The application was not signed by a doctor. The claims

1

administrator denied Mr. Duvall's workers' compensation application for an occupational injury or disease. The Office of Judges affirmed the claim administrator's decision and held that because no traumatic injury occurred on November 30, 2007, and there is no evidence of an occupational disease, the denial of the claim must be affirmed.

The Office of Judges determined that Mr. Duvall was repeatedly treated for degenerative spinal disease in all parts of his spine from his neck through the sacroiliac since 1997. The Office of Judges noted that a report from P. Mukkamala, M.D. makes it quite clear that Mr. Duvall's range of motion in his upper and lower extremities is completely normal with the exception of the right and left shoulders. Dr. Mukkamala further reported that while Mr. Duvall's lumbar flexion was limited his lumbar extension and right and left lateral flexion were completely normal. The motor and sensory examinations were normal. The Office of Judges determined that the medical records demonstrate that, at various times, Mr. Duvall has had spontaneous onsets of back pain without any trauma or significant movement to trigger it. King's Daughters Medical Center's records from January 1, 1998, show that Mr. Duvall was feeling fine, went to a friend's house, and without trauma had a sudden onset of back pain. He was unable to sit, stand, or otherwise move and presented at the emergency room in extreme pain. His diagnosis was low back pain intractable without evidence of radiculopathy. The MRI showed moderate concentric bulge of the disc on the left side. The Office of Judges further determined that Mr. Duvall suffers from degenerative spinal conditions which are conditions suffered by the population at large. The Office of Judges held there was simply no evidence connecting Mr. Duvall's complaints to his employment with Aker Kvaerner Songer, Inc. The Board of Review reached the same reasoned conclusions in its decision of August 2, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II